Sidney Squire, J.
Claimants, husband and wife, seek to recover damages for personal injuries sustained by the lady and for her loss of services and medical attention.
Notice of intention to file claim was filed and served on April 11,1957. The claim was filed and served on July 17,1957. Each of the foregoing acts was timely.
Paragraph 2 of the claim (pleading) predicates the causes of action on the averred “ negligence of the State of New York in creating and maintaining a faulty and defective entrance in the reception building located at Creedmoor State Hospital ” on February 10, 1957.
Between 1:00 and 1:30 p.m. of that day, the lady claimant was entering the reception building at said hospital, owned and maintained by the defendant, holding onto the left arm of the husband claimant. As they approached and she stepped onto the center well in the reception hall, she tripped and her feet lost balance. (The lady testified that as she put her left foot down on the center well, it felt different and softer.) At that time, Mrs. Krush wore glasses, having no vision in her left eye and limited vision in her right eye.
The center well was recessed and in it was a rubber mat approximately 1% inches deep, 2% feet wide, 3% feet long and % of an inch thick. The mat was surrounded by a steel rim.
When the lady fell, her head struck a wall and her knees hit the floor before the rest of her body did. Her husband did not fall.
As a result of the occurrence, the lady had pain in her head, neck, shoulders, chest and knees. She was treated at Creedmoor Hospital and returned on the same day to her home where she remained in bed for approximately three weeks.
She received medical attention by two physicians and X rays were taken of her skull. She had headaches of varied intensities *238 and durations for a number of months and was prevented from sleeping. However, by Christmas of 1957, her headaches were no longer a factor. There were expended $25 for said physicians and $20 for X rays, each of which sums is fair and reasonable.
The physical condition that existed at the time of the occurrence was not one of inherent danger. The lady was an invitee. The State owed her the duty of using reasonable care to prevent injury to her. There is no credible proof that the State did not perform that function.
The claimants did not establish that the defendant had constructed or created a dangerous condition. There was no proof of improper, inadequate or unsatisfactory design of the facility. Accordingly, the defendant was not negligent as to the original creation or installation.
Nor did the claimants prove that the mat in the recessed well had become defective, excessively worn, faulty or dangerous. For this phase of tort liability, there must be also proof of notice, actual or constructive. The claimants failed to prove that the condition or alleged defect was of such a nature that it, in and of itself, afforded notice. Similarly, it was not proven that the defendant had been actually notified of anything amiss within a reasonable time in advance of this happening. Such notice would have created an obligation on the part of the defendant to remedy the situation. This type of liability was not proved. Accordingly, the defendant was not negligent as to this facet of the case.
At the close of claimants’ case, the defendant moved to dismiss the causes of action because no prima facie case had been established. Decision was reserved. The defendant then rested and renewed its motion for dismissal. Said two motions are hereby granted.
There is another reason why the husband’s cause of action must be dismissed. The gentleman had died before the trial. There was no proof of any appointment of a personal representative for his cause of action. No one was substituted for him as a claimant herein. Accordingly, his claim falls as a matter of law.
Each of the parties hereto may submit proposed decisions within 20 days from the date hereof. If none is received, this memorandum shall constitute the decision of the court, on which the Clerk shall enter judgment in favor of the defendant, dismissing the causes of action of the claimants herein.